# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 20, 2024
Lyle W. Cayce
Clerk

No. 23-20436

---

In the Matter of McDermott International, Incorporated,

*Debtor*,

Michael Van Deelen,

*Appellant*,

*versus*

David Dickson; Stuart Spence; Scott Lamb; 10 John/Jane Does,

*Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-3369

---

Before Higginson, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20436

Michael Van Deelen sued several current and former employees of McDermott International, Inc., in state court after the company declared bankruptcy. The defendants removed the case to the United States Bankruptcy Court for the Southern District of Texas, which ultimately dismissed Van Deelen's complaint for failing to state a claim. Van Deelen appealed to the United States District Court for the Southern District of Texas. The district court affirmed, and Van Deelen appealed. We VACATE the judgment of the district court and REMAND to the district court to remand to the bankruptcy court for supplemental fact-finding and conclusions of law.

I

In early 2020, McDermott filed for Chapter 11 bankruptcy. Michael Van Deelen, a dissatisfied shareholder, objected to the confirmation plan, alleging that the Chapter 11 proceedings and events leading up to it were fraudulent. The bankruptcy court overruled his objections and confirmed the plan. Its confirmation order exculpated certain parties, including Appellees, from any non-fraud claims arising out of McDermott's bankruptcy. Van Deelen did not appeal the confirmation order.

Instead, Van Deelen filed suit in state court against Appellees David Dickson, Stuart Spence, and Scott Lamp, all current or former McDermott employees. He brought claims for conversion, statutory and common-law fraud, negligent misrepresentation, breach of fiduciary duty, and conspiracy.

Appellees removed the case to the bankruptcy court. Van Deelen then moved the court to remand or to abstain from ruling. While Van Deelen's motion was pending, Appellees moved to dismiss Van Deelen's claims because they were subject to the confirmation order's exculpation and release provisions and because he had failed to satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading standard for fraud claims.

2

Meanwhile, Van Deelen moved to recuse Bankruptcy Judge David Jones—who oversaw McDermott's bankruptcy and Van Deelen's present case—based on comments Judge Jones allegedly made during McDermott's Chapter 11 proceedings. Bankruptcy Judge Marvin Isgur denied the motion.

At a subsequent scheduling conference, the bankruptcy court allowed Van Deelen to amend his complaint. Van Deelen's amended complaint alleged only common-law fraud and negligent misrepresentation. Appellees moved to dismiss his amended complaint on the grounds that his negligent misrepresentation claim was barred by the confirmation order's exculpation provision and that both claims failed to satisfy Rule 9(b)'s heightened pleading standard.

Van Deelen then moved to drop his claim for negligent misrepresentation and attached as an exhibit a proposed second amended complaint. The bankruptcy court did not rule on his motion. Instead, it held another hearing and gave Van Deelen yet another opportunity to amend his complaint. Van Deelen filed another amended complaint, this time alleging only common-law fraud.[1] We follow Appellees in referring to it as Van Deelen's third amended complaint.[2] Appellees moved to dismiss.

The bankruptcy court denied Van Deelen's motion to remand or abstain and granted Appellees' motion to dismiss. Van Deelen appealed to the district court the bankruptcy court's rulings that (1) the bankruptcy court had jurisdiction; (2) mandatory abstention was not appropriate; and (3) Van Deelen's third amended complaint failed to satisfy Rule 9(b)'s heightened

---

[1] Van Deelen's third amended complaint added assault and fraud claims against McDermott's former lead counsel, Joshua Sussberg, but Van Deelen later voluntarily dismissed these claims.

[2] The district court calls it "Third Amended Petition," the title given by Van Deelen.

pleading standard for fraud. He also appealed Judge Isgur's denial of his motion to recuse Judge Jones. The district court affirmed the bankruptcy court in all respects.

Van Deelen timely appealed.

## II

We first consider whether the district court erred in holding that the bankruptcy court had subject-matter jurisdiction. This is a question of law that we review de novo. *In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999). "A bankruptcy court may enter final judgment only if the court has both statutory and constitutional authority to do so." *In re Galaz*, 765 F.3d 426, 431 (5th Cir. 2014) (citing *Stern v. Marshall*, 564 U.S. 462, 482 (2011)).

### A

We begin by asking whether the bankruptcy court had *statutory* authority. *In re BP RE, L.P.*, 735 F.3d 279, 285 (5th Cir. 2013) (doing so "in the interest of constitutional avoidance" (citing *Reichle v. Howards*, 566 U.S. 658, 664 (2012))).

Bankruptcy courts derive their statutory subject-matter jurisdiction from 28 U.S.C. §§ 1334 and 157. Together, these provisions authorize bankruptcy courts to hear, following referral from the district court, (1) "cases under title 11"; (2) "proceedings arising under title 11"; (3) proceedings "arising in" a case under title 11; and (4) proceedings "related to" a case under title 11. 28 U.S.C. §§ 1334(a)–(b), 157(a)–(b)(1). These four categories "conjunctively . . . define the scope of [statutory] jurisdiction." *Matter of Wood*, 825 F.2d 90, 93 (5th Cir. 1987).

"[I]f a matter within the broad scope of § 1334(b) satisfies the more precise notion of a core proceeding, § 157 authorizes the bankruptcy court to decide the matter and enter a final judgment," provided it also has the

requisite constitutional authority. *In re U.S. Brass Corp.*, 301 F.3d 296, 304 (5th Cir. 2002); 28 U.S.C. § 157(b)(1). "Although [§ 157] does not define core proceedings, [it] provide[s] a nonexclusive list of examples." *In re U.S. Brass Corp.*, 301 F.3d at 304 (citing 28 U.S.C. § 157(b)(2)). "[W]e have held that § 157 equates core proceedings with the categories of 'arising under' and 'arising in' proceedings," but not "related to" proceedings. *Id.* at 304–05. "Arising under" proceedings are those that "involve a cause of action created or determined by a statutory provision of title 11." *Matter of Wood*, 825 F.2d at 96. "Arising in" proceedings, in contrast, "are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id.* at 97.

When a proceeding implicates the bankruptcy court's power to interpret and enforce its own orders, it is core in at least the "arising in" way. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) ("[T]he Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders." (citing *Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934))); *Matter of Nat'l Gypsum Co.*, 118 F.3d 1056, 1063–64 (5th Cir. 1997) (collecting cases and concluding that an action requiring the court to interpret the scope of a substantive right under the bankruptcy code "is a core proceeding arising under title 11"); *In re Cano*, 410 B.R. 506, 546 (Bankr. S.D. Tex. 2009) ("[B]ankruptcy courts retain significant jurisdiction after a discharge order is issued and a case is closed over matters concerning the interpretation and enforcement of bankruptcy court orders . . . . Such matters fall within the Court's 'arising in' and 'arising under' jurisdiction.").

Van Deelen contends that his third amended complaint, which includes only a claim for state common-law fraud, is not core. He argues that this claim "could have been, and would have been, adjudicated in state court absent the bankruptcy filing." Appellees respond that the proceeding is core because it falls "squarely within the scope of the confirmation order's

5

exculpation provision," which the "Bankruptcy Court would be required to interpret and enforce."

We conclude that this proceeding, whether viewed from Van Deelen's first complaint or his third, is core and thus within the bankruptcy court's jurisdiction. As Appellees point out, the confirmation order exculpates them from:

> any Claims and Causes of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases . . . except for claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence . . . .

The parties disagree about whether the exculpation provision bars his claim. To resolve this dispute, the bankruptcy court must interpret its confirmation order to decide whether the exculpation provision applies. *See Travelers Indem. Co.*, 557 U.S. at 151; *In re Cano*, 410 B.R. at 546. Accordingly, this is a core proceeding within the bankruptcy court's statutory authority to enter final judgment. *See* 28 U.S.C. § 157(b)(1).

B

Statutory authority is one half of the story; constitutional authority is the other. Article III of the U.S. Constitution prohibits bankruptcy courts from entering final judgment on claims, even those that are core under the statute, that "involve[] the most prototypical exercise of judicial power: the entry of a final, binding judgment *by a court* with broad substantive jurisdiction, on a common law cause of action, when the action neither derives from nor depends upon any agency regulatory regime." *Stern*, 564 U.S. at 494. In *Stern*, that meant that a bankruptcy court could not constitutionally enter final judgment on a state law counterclaim that could

not be resolved by a ruling on a creditor's proof of claim. *Id.* at 503; *see also Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 30 (2014) (discussing *Stern*).

But this constitutional deficiency is not incurable. After *Stern*, the Supreme Court clarified that a plaintiff may "waive the right to Article III adjudication" by expressly or impliedly consenting to adjudication by the bankruptcy court. *See Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 679 (2015). That consent, "whether express or implied," must be "knowing and voluntary." *Id.* at 685.

We have no trouble concluding that Van Deelen's state common-law fraud claim is among those contemplated in *Stern* as belonging in an Article III court.[3] Arising as it does from common law, Van Deelen's claim is "at the heart of the federal judiciary's Article III powers" and, moreover, is "not necessary to the resolution of the bankruptcy estate." *See In re BP RE*, 735 F.3d at 285.

But we are left wondering whether this constitutional deficiency was cured by consent. If Van Deelen did consent, then the bankruptcy court had both statutory and constitutional authority to enter final judgment. *See Wellness Int'l*, 575 U.S. at 685. If he did not, then the court could at most "issue proposed findings of fact and conclusions of law" for the district court to review de novo before entering final judgment itself. *Exec. Benefits*, 573 U.S. at 31. Van Deelen stated in his original brief that he did not consent to the bankruptcy court's jurisdiction. Dickson does not grapple with Van Deelen's express non-consent. Instead, in response to our request for letter

_____

[3] We requested letter briefing from the parties on whether the bankruptcy court had constitutional authority under *Stern* to enter final judgment on Van Deelen's state fraud claim and whether, if such authority is lacking, we must vacate the district court's judgment and remand for the district court to review the bankruptcy court's decision as recommended findings and conclusions, rather than as a final judgment.

No. 23-20436

briefs on the issue of constitutional authority, Dickson argues that Van Deelen *impliedly* consented to the bankruptcy court's jurisdiction when he asked the clerk of the court to enter a default judgment on his fraud claim.

As the parties' disputes make clear, whether a party consented is a "deeply factbound analysis." *Wellness Int'l*, 575 U.S. at 685; *see also Saenz v. Gomez*, 899 F.3d 384, 391 (5th Cir. 2018); *Matter of Karcredit, LLC*, No. 21-30649, 2022 WL 4103265, at *4 (5th Cir. Sept. 7, 2022) ("Here, the district court found the Wards had impliedly consented to the bankruptcy court's issuance of a final judgment. That was a factual finding, and it wasn't clearly erroneous." (citing *Saenz*, 899 F.3d at 391)). Neither the bankruptcy court nor the district court made such a finding here.

Accordingly, additional fact-finding is warranted. We therefore remand to the district court to remand to the bankruptcy court to conduct additional fact-finding on whether Van Deelen consented to its jurisdiction.[4] *See In re CPDC, Inc.*, 337 F.3d 436, 443 (5th Cir. 2003) (explaining that facts may not be "added to the record on appeal to the district court if they were not part of the record before the bankruptcy court"); *In re SI Restructuring Inc.*, 480 F. App'x 327, 329 (5th Cir. 2012) (asking "whether the information [considered by the district court] was part of the record before the bankruptcy court" and "meets the narrow purpose of judicial notice"); *see also In re Caldwell*, 851 F.2d 852, 857 (6th Cir. 1988) ("[W]hen a district court acts as an appellate court, as it does when it reviews a bankruptcy proceeding, the district court is subject to the same limitations which are imposed upon any appellate tribunal. This means that the district court may not make its own

---

[4] Because a finding that Van Deelen did not consent would obviate the need to ask whether the bankruptcy court should have abstained, we reserve that question to be answered, if necessary, on another day.

independent factual findings." (internal quotation marks and citation omitted)).

### III

As for Van Deelen's argument that the bankruptcy court abused its discretion in denying his recusal motion, *see* 28 U.S.C. § 455(a), (b)(1), a similar remedy is in store.

Van Deelen asks that we take judicial notice of material that was not before the bankruptcy and district courts. Specifically, Van Deelen asks us to consider his suit against Judge Jones in the United States District Court for the Southern District of Texas, *Van Deelen v. Jones*, No. 4:23-cv-03729 (S.D. Tex. filed Nov. 4, 2023); the press coverage about Judge Jones's relationship with Elizabeth Freeman; and our circuit's complaint against Judge Jones for misconduct, *see* Compl. No. 05-24-90002 (5th Cir. Oct. 13, 2023). Because we "may not consider new evidence furnished for the first time on appeal," we decline to take judicial notice of this new material. *See Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999); *see also In re CPDC*, 337 F.3d at 443.

Instead, we remand to the district court to remand to the bankruptcy court to make additional findings of fact and conclusions of law on Van Deelen's recusal motion. Because our remand here is limited, as it is on the question of Van Deelen's consent, "[w]e retain jurisdiction of the appeal." *See Abubaker Abushagif v. Garland*, 15 F.4th 323, 335 (5th Cir. 2021) (internal quotation marks and citation omitted).

### IV

Accordingly, we VACATE the district court's judgment and REMAND to the district court with instructions to remand to the bankruptcy court for the limited purposes stated above.